UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ANTHONY BROWN, AS INDEPENDENT EXECUTOR OF THE ESTATE OF DOLLY I. BROWN, DECEASED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. V-10-63 |
| STATE FARM LLOYDS, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant State Farm Lloyds' ("State Farm") Motion for Summary Judgment (Dkt. No. 10), to which Plaintiff Anthony Brown, as Independent Executor of the Estate of Dolly I. Brown, Deceased ("Plaintiff") has responded (Dkt. No. 20), and State Farm has replied (Dkt. No. 21). Having considered the motion, response, reply, record, and applicable law, the Court is of the opinion that State Farm's motion should be **DENIED**.

## I. Background[1]

Plaintiff's mother, Dolly I. Brown, purchased a homeowner's policy from State Farm to insure the premises located at 7203 County Road 132, Hallettsville, Texas, 77964 ("the Policy"). The Policy was in effect for the period from February 25, 2007 to February 25, 2008. After Ms. Brown passed away on October 7, 2008, Plaintiff was appointed the Independent Executor of her estate.

On February 19, 2008, a fire occurred at the home. That same day, either Plaintiff or his wife, Debbie Brown, verbally reported an insurance claim under the Policy because of the fire.

---

[1]. The facts in as set forth in this Order are taken from State Farm's Motion for Summary Judgment.

Shortly after the fire, State Farm inspected the scene. Following the inspection, State Farm hired GulfTex Services, L.L.C. ("Gulf Tex") to investigate the cause of the fire. GulfTex also met with Verite Forensic Engineering, L.L.C. at the fire scene to examine the electrical systems, equipment, and appliances that were there. The investigation revealed that the cause was not electrical, and a number of samples taken from the home contained gasoline or a medium petroleum distillate, such as charcoal starter fluid. A container of ignitable liquid was also recovered from the scene. As a result, GulfTex concluded that the fire was the result of "an intentional incendiary act." (GelfTex Report, Dkt. No 10, Ex. I-D at 33.)

State Farm spoke with Plaintiff on April 22, 2008 and informed him of GulfTex' conclusion that the fire had been intentionally set. In the following months, State Farm sent Plaintiff a number of letters informing Plaintiff that a question had been raised as to whether any coverage was available under the Policy and asking that Plaintiff: (1) furnish a Sworn Proof of Loss in connection with the claim, (2) provide records to State Farm to assist with the investigation and evaluation of the claim, and (3) contact State Farm to schedule a time when recorded statements could be obtained from Plaintiff and his wife. State Farm eventually denied Plaintiff's claim on October 20, 2008, after Plaintiff and his wife failed to submit to an examination under oath (EOU) and failed to produce pertinent documents and records relating to the fire loss claim.

Almost two years later, Plaintiff filed suit against State Farm for breach of insurance contract pursuant to Texas Civil Practice and Remedies Code Chapter 38. State Farm now moves for summary judgment on this claim, as well as Plaintiff's claim for attorney's fees.

**II. Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718—19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323—25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations" or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" *Freeman v. U.S.*, 2005 WL

3132185, *2 (S.D. Tex. Nov. 22, 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## III. Analysis

State Farm moves for summary judgment on the grounds that Plaintiff's failure to perform its contractual obligations as set forth in the "Duties After Loss" and "Suit Against Us" sections of the Policy constituted a material breach. As such, State Farm maintains that Plaintiff cannot maintain a suit for breach of contract against State Farm on the Policy.

The relevant sections of the Policy cited by State Farm provide:

2. **Your Duties After Loss:** After a loss to which this insurance may apply, you shall see that the following duties are performed:

    ***

    d.  as often as we reasonably require:
        (1) exhibit the damaged property;
        (2) provide us with records and documents we request and permit us to make copies;
        (3) submit to and subscribe, while not in the presence of any other insured:
            (a) statements; and
            (b) examinations under oath; and
        (4) produce employees, members of the **insured**'s household[,] or others for examination under oath to the extent it is within the **insured**'s power to do so; and
    e.  submit to us, within 91 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief[,] . . . an inventory of damaged or stolen personal property . . .

    ***

6.  **Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions…

(Policy, Dkt. No. 10, Ex. 1-A at 12—14 (emphasis in original).)

In response to State Farm's motion, Plaintiff admits that he received numerous letters from State Farm. (Dkt. No. 20 ¶¶ 15, 16, 17, 18, 19, 20, 23.) Plaintiff also admits that he did not provide the documentation State Farm requested. (*Id.* ¶ 2.) Plaintiff further admits that he and his wife did not submit to an examination under oath (EOU) before filing this lawsuit, although they

have both since been deposed by State Farm. (*Id.* ¶¶ 2, 35.) However, Plaintiff argues that summary judgment should not be granted because: (1) Plaintiff is not at fault for not performing these conditions precedent because State Farm refused to respond to communications from Plaintiff and actively worked to prevent him from meeting his contractual obligations; and (2) the proper remedy under Texas law for any failure by Plaintiff to perform these conditions precedent is abatement of the suit, not summary dismissal.

Under Texas law, "[i]nsurance policy provisions requiring an insured to submit to an examination under oath as a condition precedent to sustaining a suit on the policy are valid." *In re Cypress Texas Lloyds*, 2011 WL 3631970, *9 (Tex. App.—Corpus Christi Aug. 15, 2011) (citing *Philadelphia Underwriters' Agency of Fire Ins. Ass'n v. Driggers*, 111 Tex. 392, 238 S.W. 633, 635 (Tex.1922); *Trahan v. Fire Ins. Exch.*, 179 S.W.3d 669, 673—74 (Tex. App.—Beaumont 2005, no pet.); *Lidawi v. Progressive County Mut. Ins. Co.*, 112 S.W.3d 725, 734 n.5 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Perrotta v. Farmers Ins. Exch.*, 47 S.W.3d 569, 573—74 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *State Farm Gen. Ins. Co. v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App.—Beaumont 1989, no writ) (per curiam); *Rossco Holdings, Inc. v. Lexington Ins. Co.*, 2011 WL 1363799 (S.D. Tex. Apr. 11, 2011)). Likewise, where, as here, the policy contains express language requiring the insured to furnish requested documents, an insurer "is well within its right to enforce the conditions precedent to coverage [such as] requesting the production of certain documents . . . ." *Rossco Holdings*, 2011 WL 1363799, at *4 Under Texas law, "Suit Against Us" clauses, also known as "No Action" clauses, are also valid conditions precedent to liability under insurance policies. *Harville v. Twin City Fire Ins. Co.*, 885 F.2d 276, 279 (5th Cir. 1989) (citing *Great American Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969); *St. Paul Ins. Co. v. Rahn*, 641 S.W.2d 276, 278 (Tex. App.—Corpus Christi 1982,

no writ); *Munster Steel Co. Inc. v. The Travelers Indem. Co.*, 620 S.W.2d 771, 772 (Tex. Civ. App.—Dallas 1981, no writ)).

"Where an insured fails to comply with a condition precedent requiring the insured to submit to an examination under oath, the remedy is abatement of the case." *In re Cypress Texas Lloyds*, 2011 WL 3631970, *9 (citing *Driggers,* 238 S.W. at 635 ("[A] failure or refusal to submit to examination after loss does not bar recovery, but merely suspends the right of recovery until the examination is complied with; that such failure or refusal, therefore, is to be pleaded in abatement, and not in bar . . . ."); *In re Foremost County Mut. Ins. Co.*, 172 S.W.3d at 135 ("[A]batement has long been the established remedy to enforce an EUO clause."); *Lidawi*, 112 S.W.3d at 735 (reversing summary judgment and remanding "to afford [insureds] the opportunity to comply with the requirement of separate, segregated EUOs as a condition precedent to their lawsuit"); *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (abating lawsuit where the insured failed to comply with appraisal requirements of policy as a condition precedent to suit); *accord Griggs v. State Farm Lloyds*, 181 F.3d 694, 703 (5th Cir. 1999) (affirming summary judgment in favor of insurer after claimant failed to comply with conditions precedent to coverage only after "[t]he district court closely supervised discovery in th[e] case, ordering State Farm Lloyds to provide an itemized list of the required documentation and ordering [insured] to produce some reasonably comprehensible proof of his loss"). *But see Perrotta*, 47 S.W.3d at 574 (granting summary judgment in favor of insurer on insured's breach of contract claim where insured failed to comply with EUO provision of the policy).

Even where an insurance policy contains a "Suit Against Us" provision like the one here, "[t]he insurer's proper remedy to enforce the condition precedent is abatement rather than bar." *State Farm General Ins. Co. v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App.—Beaumont 1989)

(abatement was proper where policy contained express condition precedent requiring submission of insured to EOU and insured had not complied with requirement, despite provision in policy that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with . . . ."); *see also Rossco Holdings*, 2011 WL 1363799, at *4 (denying motion for summary judgment despite existence of "no action" clause in policy because "it is well-settled law in Texas that abatement rather than exclusion or barring of a claim is the insurer's appropriate remedy for enforcement of an insured's conditions precedent to coverage").

## IV. Conclusion

Based on the foregoing authority, the Court finds that abatement, and not summary judgment, is appropriate at this time. Accordingly, it is hereby **ORDERED** as follows:

State Farm's motion for summary judgment is **DENIED** without prejudice to reurging;

This case shall be held in **ABEYANCE** until thirty (30) days after Plaintiff provides State Farm with all documents previously requested in support of his claimed loss, in compliance with the Policy's terms;[2]

The Parties shall file notice of Plaintiff's compliance with the Court in order to lift the stay imposed.

**SIGNED** this 29th day of March, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

2. Because State Farm has since deposed Plaintiff and his wife, the Court finds that Plaintiff and his wife need not submit to another EUO at this time. The Court expresses no opinion regarding Plaintiff's claim that State Farm refused to respond to Plaintiff's communications and actively worked to prevent Plaintiff from meeting his contractual obligations.